**SO ORDERED.**

**SIGNED this 29 day of November, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

**IN RE:**

    **JAMES EDWARD BUTLER, SR. (Deceased),
MARIE MCNEILL BUTLER,**

                  **Debtors.**                            **Case No. 05-09411-8-JRL
Chapter 13**

_____

## ORDER

This case is before the court on the debtor's objection to the claim of Litton Loan Servicing, LP ("Litton"). On November 15, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtors are not objecting to the principal amount of the loan; rather, they object to Litton's pre-petition arrearage claim of $39,760.38 in its entirety. The court has reviewed the evidence presented at the hearing. The evidence supports that the debtors missed 12 monthly payments of $1,988.13 totaling $23,857.56. In addition, the evidence supports that the amount of $11,112.11 entitled "escrow advance/shortage" is warranted, as it reflects a period of time when the property was uninsured and reflects

1

payment of taxes in the amount of $10,983.76 that the debtors conceded they never paid.

All late fees are disallowed. The evidence supports that these late fees are charged erroneously as a result of failing to properly account for deferred payments. Moreover, the fees are usurious as they exceed the late fee ceiling of 4.0% under the promissory note. Litton, therefore, must forfeit all late fee charges under the note. Swindell v. Fed. Nat'l Mortgage Ass'n, 330 N.C. 153, 161, 409 SE.2d 892, 897 (1991). At the hearing, Litton stated that it was willing to forfeit all assessed late fees. The pre-petition claim shall be offset by any late fees the debtors have already paid.

The court disallows Litton or its predecessor, PCFS Financial Services ("Provident"), any attorneys' fees and costs for foreclosure, as no evidence has been presented to the court supporting those fees and costs. There is no evidence to support any further charges.

Accordingly, the debtor's objection to Litton's pre-petition arrearage claim is granted in part and denied in part. The pre-petition arrearage claim is allowed in the amount of 12 missed monthly payments totaling $23,857.56 and the escrow advance/shortage of $11,112.11 offset by all late fees the debtors have paid. Any further charges included in the pre-petition arrearage claim are disallowed. The court will resolve the request of debtor's counsel for attorneys fees by separate order.

End of Document