**SO ORDERED.**

**SIGNED this 06 day of December, 2006.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JAMES EDWARD BUTLER, SR. (Deceased),
MARIE MCNEILL BUTLER,

        Debtors.                       Case No. 05-09411-8-JRL
                                                   Chapter 13

_____

### ORDER

After the hearing on the debtors' objection to the pre-petition arrearage claim of Litton Loan Servicing, LP ("Litton"), debtors' counsel filed an affidavit seeking fees of $5,000.00 for her services in connection with the objection.

Under the American Rule, which is the general rule followed by federal courts, litigants pay their own attorneys' fees absent statutory authority or a contract justifying such an award. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257 (1975). There is no general right under the Bankruptcy Code to recover attorneys' fees; rather, there are specific statutory provisions allowing such recovery. 11 U.S.C. §§ 506(b), 303(i)(1)(B), 362(h), 523(d). In re Leviner, No. 01-10487C-13G, 2001 WL 1700152 at *1 (Bankr. M.D.N.C. Jul. 20, 2001). Debtors' counsel cites no statutory basis for

1

recovery of attorneys' fees under the Bankruptcy Code.

Where state law governs the substantive issues involved, a litigant may also be entitled to attorneys' fees under state law. In re Shangra-La, Inc., 167 F.3d 843, 849 (4th Cir. 1999). The general rule in North Carolina is that attorneys' fees, whether as costs or damages, must be statutorily authorized. Id. at 849-50. In support of the objection to claim, the debtors' attorney filed a memorandum asserting that the late fees charged by Litton were usurious because they exceeded 4% of the monthly payment in violation of the note and N.C.G.S. § 24-10.1. The elements of usury include: " a loan or forbearance of the collection of money, an understanding that the money owed will be paid, payment or an agreement to pay interest at a rate greater than allowed by law, and the lender's corrupt intent to receive more in interest than the legal rate permits for use of the money loaned." Swindell v. Fed. Nat. Mortgage Assoc., 330 N.C. 153, 159, 409 S.E.2d 892, 895 (1991). "The corrupt intent required to constitute usury is simply the intentional charging of more for money lent than the law allows." Id.

At the hearing, Litton's witness admitted that Litton had charged late fees of approximately 5%, which was in violation of the note and in violation of North Carolina statutory law. Moreover, Litton's witness acknowledged that late fees had been assessed as a result of an accounting mistake where a loan deferment had not been properly acknowledged. While Litton agreed to relinquish all late fees, it failed to do so until the hearing, which was six months after the debtors' objection to claim had been filed and after the debtors' attorney had spent significant time on this matter. Pursuant to NCGS § 24-2, the penalty for usurious late fees is forfeiture of late fee charges. Id. at 897. In its order entered November 29, 2006, the court concluded that all late fees would be forfeited and that Litton must provide the debtors a credit for all late fees paid.

The debtors' attorney cited no state statutory authority or valid note provision authorizing attorneys' fees in this instance. However, there are certain judicially-created exceptions to the American Rule. Alyeska, 421 U.S. at 260. Such limited exceptions include: (1) "the historic power of equity to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit;" (2) the power of the court to "assess attorneys' fees for the willful disobedience of a court order . . . as part of the fine to be levied on the defendant;" and (3) the power of the court to award attorneys' fees "when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Id. at 258-59. Here, the court finds that Litton's failure to relinquish late fees until the eleventh hour–late fees that were usurious and that were assessed in part due to the creditor's own accounting mistake–constituted bad faith. The court finds that the remainder of Litton's stance taken on the pre-petition arrearage claim was reasonable.

Based on the foregoing, the court awards the debtors' attorney $1,000.00 under the bad faith exception to the American Rule to be paid by Litton within 20 days of entry of this order as fair compensation for services rendered in connection with the objection to claim regarding late fees.

"End of Document"